# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2456-15T1

S.G.,

      Plaintiff-Respondent,

  v.

A.G.,

      Defendant-Appellant.

_____

      Argued May 9, 2017 — Decided May 30, 2017

      Before Judges Fisher and Leone.

      On appeal from the Superior Court of New
      Jersey, Chancery Division, Family Part, Morris
      County, Docket No. FV-14-248-16.

      Angelo Sarno argued the cause for appellant
      (Snyder  Sarno D'Aniello Maceri & da Costa,
      LLC, attorneys; Mr. Sarno, of counsel; Mr.
      Sarno and Jill D. Turkish, on the brief).

      Holly M. Friedland argued the cause for
      respondent (Shauger & Friedland, LLC,
      attorneys; Ms. Friedland, on the brief).

PER CURIAM

    The parties were married in December 2001; their marriage
produced three children. In September 2015, plaintiff commenced

this action pursuant to the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35, alleging defendant — her estranged husband — harassed her by sending a blizzard of text messages that started at 2:15 a.m. on September 14, 2015 and continued into the evening of September 15. Plaintiff commenced this electronic conversation by sending defendant a text at 7:56 p.m. on September 13, in which she expressed that she found his "behavior" that day to be "totally inappropriate," asserted that "[t]he children do not need to be subjected to it," and suggested he "[g]et help and deal with [his] issues." Defendant's many scurrilous responses throughout the early morning hours that followed and into the next day and evening were thoroughly discussed by the trial judge in his oral decision of January 8, 2016, and need not be repeated here. We would add, however, that at the time defendant sent his many, expletive-laced text messages, his authority to communicate with plaintiff was limited by civil restraints — previously entered as a result of an earlier domestic violence action — to two "non-harassing . . . communications per day" concerning only child-related issues.

After hearing the parties' testimony, and having found plaintiff credible, the trial judge was satisfied that plaintiff satisfied her burden of proving a predicate act; the judge found the number, nature, timing, and content of defendant's text

messages — particularly while limited by the civil restraints — constituted harassment under both subsection (a) and (c) of N.J.S.A. 2C:33-4.

In addition, the judge found a need for a final restraining order, as required in harassment cases by our interpretation of the Act in Silver v. Silver, 387 N.J. Super. 112, 125-26 (App. Div. 2006). In this regard, the judge found credible plaintiff's testimony of earlier acts of domestic violence that included an incident in 2002 when defendant choked plaintiff, an incident in 2004 when defendant smashed plaintiff's phone and repeatedly punched her, an incident in 2007 when defendant's attack on plaintiff caused a cut on her face that required fifty-five stitches to close, a threat to poison plaintiff in a way that would prevent detection, and a 2014 threat to kill plaintiff that occurred in the children's presence. The judge concluded that this "longstanding history of violence" demonstrated the reasonableness of plaintiff's fear of defendant and necessitated entry of a final restraining order "to protect her from future acts of domestic violence."

In appealing the final restraining order, defendant argues:

> I. THE TEXT MESSAGE COMMUNICATION BETWEEN THE PARTIES CONTAINING NOTHING MORE THAN VULGARITY DOES NOT RISE TO THE LEVEL OF DOMESTIC VIOLENCE AND DOES NOT WARRANT THE ENTRY OF [A] FINAL RESTRAINING ORDER.

II. THE CONDUCT RELIED UPON BY THE TRIAL COURT TO FIND A PREDICATE ACT OF DOMESTIC VIOLENCE AMOUNTED TO NOTHING MORE THAN DOMESTIC CONTRETEMPS.

III. THE PLAINTIFF DID NOT MEET THE SECOND PRONG OF SILVER V. SILVER RELATIVE TO A NEED FOR A FINAL RESTRAINING ORDER TO PROTECT HER FROM IMMINENT HARM.

IV. THE TRIAL COURT'S FINDING THAT THE PLAINTIFF'S TESTIMONY WAS CREDIBLE WAS UNFOUNDED AND BEYOND THE WEIGHT OF THE EVIDENCE.

Our familiar standard of review is quite limited. A trial judge's findings are "binding on appeal when supported by adequate, substantial, and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974). This is particularly true when we review a decision by family judges, who possess expertise in such matters. Cesare v. Cesare, 154 N.J. 394, 412 (1998).

Having closely examined the record with this standard in mind, we find insufficient merit in defendant's arguments to warrant further discussion. R. 2:11-3(e)(1)(E). We add only that because we agree with the trial judge that the evidence regarding the number of text messages, the hours at which they were sent, and the offensive and coarse language utilized, met the requirements of N.J.S.A. 2C:33-4(a), we need not determine whether defendant's communications also fit the definition contained in

N.J.S.A. 2C:33-4(c). We also observe that the preexisting civil restraints further buttress the judge's findings, since an act in violation of a civil restraint may also be viewed as harassing conduct. See N.B. v. S.K., 435 N.J. Super. 298, 307-08 (App. Div. 2014). And we lastly mention that defendant's argument that plaintiff was not endangered by him and does not require a final restraining order because he lives in New York and she lives in New Jersey is too frivolous to warrant further discussion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION